17-1738UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| TRISTAN FORD, | CASE NO. C17-1738 MJP |
| Plaintiff, | ORDER ON MOTION TO DISMISS AND FOR SUMMARY JUDGMENT |
| v. | |
| PREMERA BLUE CROSS, | |
| Defendant. | |

The Court has received and reviewed:

1. Defendant's Motion to Dismiss and for Summary Judgment (Dkt. No. 7),

2. Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 12),

3. Premera's Reply in Further Support of Its Motion to Dismiss and for Summary Judgment (Dkt. No. 15),

all attached declarations and exhibits, and relevant portions of the record, and rules as follows:

IT IS ORDERED that the motion for summary judgment is GRANTED and this matter is DISMISSED with prejudice.

**Background**

Defendant Premera Blue Cross ("Premera") administers an "employee welfare benefit plan" ("the Plan") under ERISA, 29 U.S.C. § 1001, *et seq.* Among its provisions, the Plan contains a limitations period of one year from the final determination of an appealed decision to commence any legal action. (*See* Dkt. No. 8-1, Ex. 1 at 84.)

Plaintiff filed a claim for payment under the Plan which Premera only partially granted. Plaintiff appealed the denial; Premera denied the appeal on November 11, 2014. On November 15, 2017, Plaintiff filed this complaint in King County Superior Court. Defendant timely removed the matter to federal court. In the motion at issue here, Defendant moved for dismissal of Plaintiff's Insurance Fair Conduct Act ("IFCA") claim pursuant to FRCP 12(b)(6), and summary judgment dismissal of the entire lawsuit on the grounds that it is time-barred.

Finding grounds for granting the summary judgment dismissal, the Court will not address the "lesser included" 12(b)(6) motion addressing a single claim.

**Discussion**

*Motion for summary judgment*

The Plan contains a provision which sets the statute of limitations for bringing a lawsuit based on denial of a claim at one year from the final adjudication of the denial (which, in this case, was November 11, 2014). ERISA itself does not specify a limitation period for plan participants to bring suit following an adverse benefits determination, and the Supreme Court has upheld the right of ERISA benefit plan providers to prescribe a statute of limitations which is shorter than comparable state statutes of limitations. Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S.Ct. 604, 610 (2013).

Plaintiff first argues that the Washington statutory breach of contract limitations period (six years; RCW 4.16.040) should apply. But the Supreme Court has clearly stated that

> in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.

Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 608 (1947)(*cited with approval* in Heimeshoff, 134 S.Ct. at 611).

Plaintiff interposes several ineffectual arguments against adopting Defendant's position. One is that neither Plaintiff nor the Court received copies of the actual insurance contract. But both Plaintiff and the Court received copies of the Plan summary (Dkt. No. 8-1) containing a section entitled "Limits on your right to judicial review" which unequivocally states that "[a]ny legal action initiated under the plan must be brought no later than one year following the adverse determination on the appeal." (Id. at 84.) Defendant also submitted into evidence a letter which it sent to Plaintiff following denial of appeal which likewise advised him of his right to file a lawsuit and the timeframe in which to do so. (Dkt. No. 8-7.)

Plaintiff asserts that there are no Washington cases upholding the shorter limitations period, but that is a curious defense in the face of a Supreme Court case indicating that the practice is permissible. Additionally, there is Ninth Circuit authority which accepted a plaintiff's concession that a one-year limitation period under analogous circumstances was reasonable. Scharff v. Raytheon Co. Short Term Disability Plan, 581 F.3d 899 (9th Cir. 2009).

Plaintiff maintains that the issue of whether reducing a six-year limitations period on contract actions to one year is "reasonable" is a "question of material fact." (Dkt. No. 12, Response at 7.) Plaintiff does not elaborate, and the Court fails to see how this presents a factual issue. While the Plan's limitation period is unquestionably shorter, the Court is presented with a

Supreme Court ruling that "[Plaintiff] does not dispute that a hypothetical 1-year limitations period commencing at the conclusion of internal review would be reasonable… We cannot fault a limitations provision that would leave the same amount of time…" Heimeshoff, *supra* at 612. It is controlling precedent in this matter.

Plaintiff makes two other last-ditch attempts to salvage his case. The first is an argument that his bad faith claim sounds in tort and was filed within the three-year limitations period for tort actions in Washington. RCW 4.16.080(2). As the argument on adopting Washington's six-year contract limitation period fails, this must fail as well. Additionally, Defendant establishes conclusively that Plaintiff's lawsuit was filed more than three years after the final denial of Plaintiff's internal appeal.

Finally, Plaintiff interposes a cursory FRCP 56(d) argument, but it is stated in a summary and conclusory fashion that is not in keeping with either the letter or spirit of the procedural rule. Plaintiff makes no showing of what evidence he thinks additional discovery would produce, nor how that evidence would alter the outcome of the Court's ruling. On that basis, his 56(d) request is deficient and will be denied.

The Court finds that, in the face of the Supreme Court Heimeshoff ruling, these parties had a right to contract for a one-year limitation period, and that such a period is reasonable. Plaintiff did not timely file his lawsuit and Defendant is entitled to the summary judgment it seeks.

*Motion to dismiss*

Defendant moves, pursuant to FRCP 12(b)(6), to dismiss Plaintiff's IFCA claim on the grounds that IFCA (RCW 48.30 *et seq.*) specifically excludes "health plan[s] carried by a health carrier." RCW 48.30.015(7). While the Court believes the argument is meritorious, this portion

of Defendant's motion is superfluous in the face of the complete summary judgment dismissal already obtained.

**Conclusion**

Defendant has successfully established that there are no genuinely disputed issues of material fact and that it is entitled to summary judgment as a matter of law. Plaintiff has failed to meet his burden on summary judgment and failed to establish his right to a continuance of this motion under FRCP 56(d). The Court finds that the Plan's one-year limitation period is reasonable and enforceable, and that Defendant is entitled to a ruling that this lawsuit was not timely filed thereunder.

Accordingly, Plaintiff's lawsuit is DISMISSED with prejudice.


The clerk is ordered to provide copies of this order to all counsel.

Dated: April 4, 2018.

_____
The Honorable Marsha J. Pechman
United States Senior District Court Judge